* Judge Lane
delivered the opinion of the court:
The point intended to be ¡^resented by the first objection isr whether the state can sustain an action, in its name, upon that’paper. We regard the affirmative settled in the suit of the Commissioners of the Canal Fund v. Perry, 5 Ohio, 55, and here have only to repeat our adherence to that opinion.
The second objection leads to a construction of the agreement as to the time of performance. The terms of the contract are not expressed with much precision, yet its meaning is not obscure. The defendant stipulates to pay two hundred dollars in three years, or land to that value in six months after the canal passing through the town be put under contract, on condition that it shall pass through the town. By the phrase “passing through the town” is meant, not the completion, but the final location and establishment of the line of canal. It is not a part of the contract that the canal shall be undertaken in three years, but all the conditions must happen before the defendant’s performance can be claimed. If the defendant intend to convey the land, he must do it in six months after the line of canal be established or put under contract through the town. If he do not convey the land, the money is due after three years, and the establishment and contracting for the line through the town. The evidence showed the jury these facts occurred in the spring of 1824.
The third objection, that no proof was offered of the existence of any canal commissioners, is answered by the general law organizing and creating them.
The fourth objection, that the defendant had no notice of the construction of the canal, was not taken at the trial. If it had been taken, the jury would have been instructed that they might presume, from his residence and from his property in Chillicothe» that he could not have been ignorant of an event so deeply affecting his and every man’s interests — so identified with our re *147 cent history, and occupying so large a space in the volumes of our legislation.
The defendant offered to prove the consideration had failed, by establishing the following facts: 1. That prior to the subscription, experimental lines had been run down both sides of the Sciotoriver, the western of which passed through the town of Chillieothe, and was estimated by the engineers to be the most expensive. That the commissioners represented to the defendant and to the other citizens of Chillicothe that the ^eastern [MS-line would be selected for the work, unless they subscribed sufficient to meet the increased expense; that under this belief, and for this purpose, this subscription was made; but it was afterward discovered that the eastern line was not the cheapest, so that the-commissioners and the subscribers were mistaken in the facts. 2. That the defendant was the owner of an out-lot of the town through which the experimental line was run, and that he was led to subscribe by the belief that the canal would be constructed on this line, and would enhance the value of this lot; that by a subsequent arrangement between the commissioners and certain citizens of Chillicothe, the route of the canal was so changed as to pass through the town in another direction, without touching the lot of the defendant, which is not so valuable as it would have-been had the experimental line been selected for the route.
It‘will be recollected that this case presents no fraud, for all imputation of fraud was explicitly disclaimed by the defendant’s counsel. The mistake, if any such existed, was one common to both parties, if the canal commissioners can, in any sense, be deemed parties to the agreement. But if both parties act under a common mistake, it does not avoid the agreement; the act done is valid between them, and binds both ; for work done under such a mistake, the operative is entitled to his price.
The defendant, in entering into this contract, might impose his own terms; but when defined and reduced to writing, the writing must be taken to embrace them all. The conditions shown by the writing must be complied with, and those not specified, in the absence of fraud or mistake, are deemed to have no existence. But the defendant seeks to multiply those conditions, and to make his liability depend on the greater cheapness of the eastern route- and the projection of the canal through the town in a particular *148 line. These are no elements of the agreement, and they could not be shown by parol, if they were so. 1 Johns. Ch. 273, 339.
What are the terms of this contract ? ' Men are led into agreements by many causes, such as the hope of profit, the expectation Of acquiring what they could not otherwise obtain, the desire of avoiding a loss. Yet these inducements are not the consideration, and compose no part of the contract. The legal consideration from the other party, the consequences which follow the contract, its benefits or its disappointments, are matters beyond the convention, with which he has nothing to do. The whole present en-144] gagement was to pay to the agents of the Estate two hundred dollars, on condition that the state shall construct the canal through the town. If the benefits he expected do not arise, he is not permitted to cast his disappointment on the state.
The last clause of this evidence is exposed to the further objection that, taken in its largest effect, it shows a partial failure only. The lot is not so much enhanced in value as it would have been had the canal ran through it; but it can not with truth be asserted that it derives no additional value from the location of the canal through the town; so that, if the enhancement of the value of the lot were the consideration, its failure is not total, and constitutes no defense at law. 3 Ohio, 285.
Motion for a new trial overruled. Judgment on the verdict.